RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. M
DATE 3-3-05

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 MAR -3 P 2: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SANDRA FACTOR, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 05 CV _____ |
| WALT DISNEY WORLD COMPANY, | |
| Defendant. | |

## NOTICE OF REMOVAL

MAGISTRATE JUDGE Bowler

Pursuant to 28 U.S.C. §§1441 et seq., defendant Walt Disney World Co. ("WDW") files this Notice of Removal and states as follows:

1.    Defendant is a party in an action commenced against it by the plaintiff pending in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Middlesex County, Lowell Division, captioned Sandra Factor v. Walt Disney World Company, Civil Action No. 04-4509D (the "state action"). True copies of all process, pleadings and orders served on the defendant in the state action are attached hereto and incorporated herein as Exhibit A.

2.    In her state action Complaint, plaintiff alleges that she is an individual residing at 346 Ferry Street, Malden, Massachusetts.

3.    WDW is a corporation organized under the laws of the State of Florida with a principal place of business in Lake Buena Vista, Orange County, Florida.

4.    There is, therefore, complete diversity of citizenship and plaintiff's Complaint demands judgment in the amount of $150,000, exclusive of interest and costs.

5.      WDW was served with a copy of the Summons and Complaint on February 2, 2005. Consequently, this notice is timely under 28 U.S.C. § 1446(b).

6.      This action is one of which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and which may be, and hereby is, removed to this Court by the defendant.

7.      This Notice of Removal is made expressly reserving all of WDW's defenses, including defenses relating to this Court's lack of personal jurisdiction over WDW.

WALT DISNEY WORLD CO.,

By its attorneys,

Paul Bork, BBO #541815
Jeffrey S. Follett, BBO #564337
Foley Hoag LLP
155 Seaport Blvd
Boston, Massachusetts 02210
(617) 832-1000

Dated: March 3, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2005, I caused a true copy of the foregoing Notice of Removal to be served upon Plaintiff by causing a copy of the same to be delivered by facsimile and U.S. Mail to her counsel of record, Richard P. Heartquist, 200 Sutton Street, #244, North Andover, MA 01845.

Paul Bork

18/401794.01           2

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.
04-4509D

MIDDLESEX .......... . ss
[seal]

Sandra Factor ............... , Plaintiff(s)

v.

A TRUE COPY
REVIEW OF THIS SUMMER
COUNTY OF MIDDLESEX, FLORIDA

Walt Disney World Co Defendant(s)

Served at ____ on the __ day
of Feb ____ 20 05
By ____
Deputy Sheriff

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Richard P. Heartquist ....................
................................................, plaintiff's attorney, whose address is 200 Sutton Street #244

North Andover, MA 01845 ......................... , an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street

Cambridge, MA 02141 ......................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Middlesex Superior Court ....................

the 24th ....................................... day of January ...........................................

...................., in the year of our Lord 2005 ............................. .

*Edward J Sullivan*

**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

P. 02                              FAX NO.                    MAR-02-05 WED 02:08 PM

| CIVIL ACTION COVER SHEET | DOCKET .5) ( . {. | Trial . . Superior Court Department unty: Middlesex |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Sandra Factor | Walt Disney World, Co. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Richard P. Heartquist 200 Sutton Street, #244 (978) North Andover, MA 01845 687-6664 Board of Bar Overseers number: BBO# 564451 | ATTORNEY (if known) unknown c/o Jeffrey H. Smith registered agent |
|---|---|

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B20 | Personal Injury | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $ 7,620.00
2. Total Doctor expenses ..................................................... $ .........
3. Total chiropractic expenses ............................................. $ .........
4. Total physical therapy expenses ....................................... $ .........
5. Total other expenses (describe) ...................................... Subtotal $ 5,000.00

B. Documented lost wages and compensation to date ............................ $ .........
C. Documented property damages to date ......................................... $ 20,000.00
D. Reasonably anticipated future medical and hospital expenses ............. $ .........
E. Reasonably anticipated lost wages ............................................ $ .........
F. Other documented items of damages (describe) $ .........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff injured her neck, back, shoulders and head when a
bench collapsed under her at defendant's amusement park. After
the bottom of metal bench collapsed, the high metal back struck       $ .........
Plaintiff.                                                           TOTAL $ 32,620.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ .............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 11/10/04

AOTC-6 mtc005-11/99
\.C.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
LOWELL DIVISION
DOCKET NO.

SANDRA FACTOR,
        Plaintiff           )
                           )
                           )
V.                              )
                           )
WALT DISNEY WORLD CO.,  )
        Defendant      )

**COMPLAINT AND JURY DEMAND**

## Introduction

Plaintiff brings this civil action against the Defendant seeking damages for injuries she suffered while visiting defendant amusement park in Florida. Plaintiff asserts the following claims: Negligence, Breach of Contract, and Negligent Infliction of Emotional Distress.

## Parties

1.     Sandra Factor, the "Plaintiff", is an individual residing at 346 Ferry Street, Malden, Middlesex County, Massachusetts.

2.     Walt Disney World Co., the "Defendant", is upon information and belief, a Florida Corporation with a principle address listed with the Florida Department of State as 1375 Buena Vista Drive, 4th Floor North, Lake Buena Vista, Florida 32830 and with a registered agent at the same address named Jeffrey H. Smith.

## Facts

3.     On or about November 14, 2001 the plaintiff was a customer at the defendant's amusement park popularly known as "Walt Disney World" in Florida.

4.    While legally in the park with her family, plaintiff stopped to rest on a metal, high-backed bench, designated for use by guests of the park such as the plaintiff, in a market area.

5.    Moments after sitting on the bench, a support gave way causing plaintiff to fall with great force.

6.    A moment after plaintiff fell, the metal back of the bench struck her as it fell; when she pushed that portion of the bench off of her, it swung around and struck her again.

7.    Plaintiff was pregnant at the time and accompanied by only her toddler.

8.    The defendant negligently and carelessly maintained its park allowing for a metal bench to collapse and injure the plaintiff.

9.    The plaintiff suffered serious injuries to her neck, back, shoulders and skull.

10.    The plaintiff has suffered from depression due to the injuries she suffered in the fall.

## Count I
### (Negligence)

11.    The plaintiff realleges and incorporates the allegations in paragraphs 1-10 above.

12.    On November 14, 2001, plaintiff legally entered the defendant's premises while the defendant maintained its premises, in such a careless and negligent manner, in violation of its duty, as to cause great injury to the plaintiff.

13.    As a direct and proximate result of the negligence of the defendant in maintaining said premises, plaintiff was caused to suffer severe personal injuries, was caused impairment of mind and body, was caused disability and was caused to incur and continues to incur medical expenses, and was caused to be unable to carry out her usual daily activities all to her great damage.

14.    As a direct and proximate result of defendant's negligence, plaintiff has suffered $150,000.00 in damages.

WHEREFORE, the Plaintiff demands judgment against the defendant in the amount of $150,000.00, or any such amount or relief as this Honorable Court deems just and proper, together with interest and the costs of this action.

### Count II
(Breach of Contract)

15.    The Plaintiff realleges and incorporates the allegations in paragraphs 1-14 above.

16.    The plaintiff made an agreement whereby she would gain access to, and full enjoyment of, the defendant's amusement park.

17.    Defendant implicitly agreed to provide safe and operable facilities.

18.    By its breach of that contract plaintiff was caused to suffer severe personal injuries, was caused impairment of mind and body, was caused disability and was caused to incur and continues to incur medical expenses, and was caused to be unable to carry out her usual daily activities all to her great damage.

WHEREFORE, the Plaintiff demands judgment against the defendant in the amount of $150,000.00, or any such amount or relief as this Honorable Court deems just and proper, together with interest and the costs of this action.

### Count III
(Negligent Infliction of Emotional Distress)

19.    The Plaintiff realleges and incorporates the allegations in paragraphs 1-18 above.

20.    Defendant was negligent in carrying out its duties in maintaining its amusement park.

21.    That negligence on the part of Defendant led directly to plaintiff suffering severe emotional distress.

22.    Plaintiff suffered physical harm manifested by objective symptomatology.

23.    Any reasonable person in Plaintiff's position would have suffered emotional distress under the circumstances.

24.    WHEREFORE, the Plaintiff demands judgment against the defendant in the amount of $150,000.00, or any such amount or relief as this Honorable Court deems just and proper, together with interest and the costs of this action.

## Jury Demand

Plaintiff respectfully demands a trial by jury as to all issues triable to a jury.

Sandra Factor,
By her attorney,

Dated: November 10, 2004

Richard Heartquist
200Sutton Street, Suite 244
North Andover, MA  01843
(978) 687-6664
BBO #564451

JS 44    (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SANDRA FACTOR

## DEFENDANTS
WALT DISNEY WORLD COMPANY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **MIDDLESEX**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard P. Heartquist
200 Sutton Street, #244
North Andover, MA 01845
978-687-6664

ATTORNEYS (IF KNOWN)
Paul Bork
Jeffrey S. Follett
Foley Hoag LLP
155 Seaport Boulevard, Boston, MA 02210-2600
617-832-1000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. GOVERNMENT Plaintiff
- [ ] 2 U.S. GOVERNMENT Defendant
- [ ] 3 FEDERAL QUESTION (US Government Not a Party)
- [X] 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (place an "x" in One box
(For Diversity Cases Only)                for Plaintiff and One box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One BOX only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Medical Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury - | of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 450 Commercial/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 330 Federal Employers' Liability | Injury Product Liability | [ ] 650 Airline Regs | [ ] 840 Trademark | |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety Health | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholder Suits | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | [ ] 861 HIA (1395 ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 371 Truth In Lending | **LABOR** | [ ] 862 Black Lung (923) | [ ] 810 Selective Service |
| [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards act | [ ] 863 D/WC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relation | [ ] 864 SSID Title XVI | [ ] 875 Customer Challenge 12 USC 3410 |
| | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS — Third Party 26 USC 7609 | [ ] 892 Economic Stabilization Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 893 Environmental Matters |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 894 Energy Allocation Act |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 895 Freedom of Information Act |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332.

Brief description of cause: Plaintiff's Complaint purports to assert claims for negligence, breach of contract, and negligent infliction of emotional distress.

## VII. REQUESTED IN COMPLAINT
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000+  CHECK YES only if demanded in complaint

JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  March 3 2005    SIGNATURE OF ATTORNEY OF RECORD  Paul Bork

FOR OFFICE USE ONLY

RECEIPT# _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)___Sandra Factor v. Walt Disney World Company_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]  I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    [✓]  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    [ ]  IV.    220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.     150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                              YES [ ]       NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                              YES [ ]       NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                              YES [ ]       NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                              YES [ ]       NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                              YES [ ]       NO [✓]

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division [ ]        Central Division [ ]        Western Division [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                              YES [ ]       NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Paul Bork

ADDRESS ___Foley Hoag LLP, 155 Seaport Blvd, Boston, MA 02210_____

TELEPHONE NO. ___(617) 832-1000_____

(CategoryForm.wpd - 2/15/05)